IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| THERESA E. MIDDLEBROOK, | ) | 8:18CV286 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| GENERAL MOTORS and ALLY INSURANCE COMPANY AND FINANCE, | ) | |
| Defendants. | ) | |

Plaintiff filed her pro se Complaint on June 22, 2018 (Filing No. 1), and has been given leave to proceed in forma pauperis (Filing No. 5). The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff alleges she purchased a General Motors vehicle on November 15, 2012, and immediately began to experience mechanical problems. Plaintiff claims Defendants are not honoring their warranties. She wants the vehicle repaired or replaced.

II. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

III.  DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (*i.e.*, in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

Plaintiff's Complaint does not present a "federal question." Rather, Plaintiff asserts a state-law claim for breach of warranty. While the diversity-of-citizenship

requirement of § 1332 appears satisfied, the amount in controversy obviously is less than $75,000. Plaintiff states that the purchase price of the vehicle was approximately $17,500, and that she bought extended warranty coverage for an additional $2,000 (Filing No. 1, p. 9).

## IV. CONCLUSION

The court does not have subject-matter jurisdiction in this case.

Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed without prejudice, and Judgment will be entered by separate document.

DATED this 27th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge